UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY GARCIA,<br><br>                     **Plaintiff,**<br>v.<br><br>THE CITY OF YAKIMA<br><br>                     **Defendant.** | **NO.** CV-12-198-EFS<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

Upon information and belief, Plaintiff alleges as follows:

## I.    SUBJECT MATTER JURISDICTION

1.1    This is a complaint for violations of the Plaintiff's Title VII of the Civil Rights Act, and Family and Medical Leave Act, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This complaint also alleges state law claims including cause of action under: (1) Washington Law Against Discrimination, RCW 49.60.180, WAC 162-30-020;

**COMPLAINT - 1**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

162-12-140(3)(n) (2) and the Washington Family Leave Act, RCW 49.78 *et al*; arising from the same facts over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    1.2    <u>Plaintiff Received an EEOC Right to Sue Letter</u>:  On December 5, 2011, Plaintiff filed a formal charge against the defendant, City of Yakima with EEOC, alleging discrimination and retaliation, in violation of the American's with Disability's Act, and Title VII.  On January 12, 2012, the EEOC issued Ms. Garcia a right to sue letter.  Less than 90 days have passed since that letter was issued.

    1.3    <u>Tort Claim</u>:  On December 6, 2011, Plaintiff filed a tort claim with the City of Yakima clerk's office, in compliance with the requirements of RCW 4.96 *et al*.  More than sixty days have elapsed since the filing of this tort claim, in compliance with RCW 4.96.020.

## II.    PARTIES AND PERSONAL JURISDICTION

    2.1    Plaintiff re-alleges paragraphs 1.1 through 1.2 as though fully set forth herein.

    2.2    Plaintiff, TRACY GARCIA, (hereinafter "Plaintiff") was at all times mentioned herein, a resident of the state of Washington.  At the time that this claim arose, she resided within the Eastern District of Washington.  Prior to the termination of her employment, which is the subject of this lawsuit, she served as

**COMPLAINT - 2**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

a municipal court clerk with the City of Yakima Municipal Court until she was forced to resign on June 8, 2011.

2.3    Defendant, the CITY OF YAKIMA (hereinafter "CITY"), is a municipal corporation located in Yakima County, Washington, which is geographically situated within the jurisdictional bounds of the Eastern District of Washington.

2.4    The CITY has, both by its actions and failure to act, ratified all acts of its employees, agents, or assigns.

2.5    Additionally, the CITY is vicariously liable for the acts or omissions of its employees, agents, or assigns.

## III.    VENUE

3.1    Plaintiff re-alleges paragraph's 1.1 – 2.5 as though fully set forth herein.

3.2    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) including, but not limited to the following grounds: (a) the defendant "resides" within the Eastern District; and (b) a substantial part of the events or omissions giving rise to this complaint occurred in the Eastern District.

**COMPLAINT - 3**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

## IV.    FACTS

4.1    Plaintiff re-alleges paragraphs 1.1 through 3.2 as though fully set forth herein.

### I.    Ms. Garcia had a long-term record of success as a City of Yakima municipal court clerk.

4.2    From September 19, 2006, until June 8, 2011, Tracy Garcia worked as a municipal court clerk with the City of Yakima Municipal Court.  During this time, her supervisor was Court Administrator, Linda Hagert.  Ms. Hagert consistently gave Ms. Garcia good performance evaluations and consistent pay increases.

### II.    When Ms. Garcia became a new mother, her supervisor, Ms. Hagert began to discriminate against her.

4.3    Ms. Hagert's attitude toward Ms. Garcia changed when Ms. Garcia became a new mother and took her FMLA leave. On November 14, 2009, Ms. Garcia gave birth to her son, Luis Garcia.  Ms. Garcia was on maternity leave until March 22, 2010, she took one and a half months of disability and twelve weeks of FMLA leave.  Ms. Garcia took this leave under the recommendation of her treating doctor.

4.4    In the last two weeks of April, 2010, after returning from her maternity leave, Ms. Garcia had the misfortune of contracting strep throat and

COMPLAINT - 4

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

mononucleosis. Her doctors advised her to stay off work for a month, but Ms. Garcia took 2 weeks of unpaid leave, and returned to work even though she was still sick. Under Yakima policy, Ms. Garcia had exhausted her sick leave and vacation leave when she was on maternity leave, so she had no sick leave or vacation available, and had exhausted her FMLA upon her return from maternity leave.

4.5    In May of 2010, Ms. Hagert and the presiding judge for the municipal court called Ms. Garcia in their offices and informed her that she would be terminated if she took any additional unpaid leave. Ms. Hagert also suggested to Ms. Garcia that:

> *"Maybe you should quit breast feeding because it is obviously affecting your immune system."*

From that point, Ms. Garcia took no unpaid leave from the City of Yakima. Nonetheless, Ms. Hagert, singled Ms. Garcia out for hostile treatment.

### a. Ms. Hagert singled out Ms. Garcia for criticism.

4.6    Despite Ms. Garcia's established record of professional success, over the summer and fall of 2010, Ms. Hagert, seemed to invent questionable reasons for criticizing and singling out Tracy, including, but not limited to:

      4.6.1  Accusing Tracy of wearing pants that were "too long."
      4.6.2  Criticizing Tracy for stretching at her desk.

COMPLAINT - 5

      4.6.3   Criticizing Tracy if she exceeded her 10-minute breaks by one minute, even where the breaks were for bathroom usage.

      4.6.4   Instructing Tracy's co-workers to keep tabs on Tracy when taking breaks.

4.7   In September of 2010, Tracy asked the presiding judge on the Yakima Municipal Court if she could take her lunch hour at a different time, so that she could attend a conference at her son's day care. The Judge refused such an accommodation.

4.8   On September 8, 2010, Ms. Garcia reported her concerns about Ms. Hagert's behavior to the City of Yakima Human resources Department. This resulted in a short temporary break in Ms. Hagert's expressed hostilities toward Ms. Garcia.

4.9   On December 20, 2010, Ms. Garcia requested permission to use ten minutes of accrued leave so that she could leave at 4:50 p.m. to attend a doctor's appointment for her child at 5:00 p.m.. Ms. Hagert responded with hostility stating:

> *"Are you asking for permission? It seems like you have it already scheduled."*

Attempting to evade Ms. Hagert's hostility, Ms. Garcia rescheduled the appointment for 5:15, and communicated that to Ms. Hagert, stating in an e-mail:

**COMPLAINT - 6**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

"*Disregard – I rescheduled for 5:15.*"

4.10 On or about December 21, 2010, Ms. Hagert and Judge Olwell called Ms. Garcia in to their office and inform her that she may not schedule any appointment during work hours without asking permission <u>before the appointment was scheduled</u>.

4.11 Ms. Garcia then requested a meeting with Yakima human resources. The meeting was scheduled with City of Yakima Human resources officer, Colleen Chapin. Ms. Garcia scheduled an appointment for December 28, 2010, with Colleen Chapin. Ms. Chapin did not show up for this meeting.

    b. **In January 2011, The City of Yakima threatened Ms. Garcia with termination in retaliation for her using accrued sick time for her child.**

4.12 At 4:30 pm on or about January 20, 2011, Ms. Garcia's son's day care called and told her that she had to pick up her son because he had a fever and was throwing up. Ms. Garcia turned in 30 minutes of accrued sick time so that she could pick him up.

4.13 The next day on or about <u>January 21, 2011</u> Judge Olwell and Linda Hagert, told her that they are going to suspend her vacation time and that if she uses anymore sick time she is going to be terminated. Throughout this

COMPLAINT - 7

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

discussion, Ms. Hagert continued to press Ms. Garcia about being a "working mother" stating:

> *"Should you be working?"*

4.14 Judge Olwell volunteered to Ms. Garcia that maybe she needed to quit traveling on the weekends, attributing her son's illness to the alleged traveling.

    c. **Court Administrator Hagert began to instruct her employees to socially isolate Ms. Garcia.**

4.15 In the month of January, 2011, Ms. Hagert instructed Ms. Garcia's co-workers, Nicole Britt and Sara Matheny that Tracy is "*bad news*" and to "*stay away from her.*" Ms. Hagert, specifically prohibited Ms. Britt, a good friend of Ms. Garcia's, from buying coffee for Ms. Garcia. (The two young women had a tradition of buying coffee for each other).

4.16 Ms. Britt and Ms. Garcia found that they had to hide their friendship, because Ms. Hagert would interrogate Ms. Britt if there was any evidence of kindness by Ms. Britt toward Ms. Garcia.

4.17 Ms. Hagert actively tried to sow ill will against Ms. Garcia by telling other employees falsehoods such as: "Tracy was in this (Ms. Hagert's) office saying that she was the most valuable employee here."

COMPLAINT - 8

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

  **d. To avoid Ms. Hagert's aggression, Ms. Garcia took minimal time off to accommodate her son after her return from maternity leave.**

4.18 Ms. Garcia, tried very hard to take as little time off of her job as possible to evade the hostility from her supervisor, Ms. Hagert.

4.19 After May of 2010, Ms. Garcia had a positive balance of her sick leave at all times that she took it. She only used her leave as absolutely necessary to fulfill her parenting responsibilities.

  **e. In February of 2011, Ms. Garcia again reported to Yakima human resources that she was being harassed in retaliation for taking FMLA leave and having a child.**

4.20 On or about, February 1, 2011, Ms. Garcia met with Yakima human resources professionals, Colleen Chapin, and Cheryl Smith, and reports that she is being harassed. They denied that Ms. Garcia was being harassed.

4.21 On or about, February 3, 2011, Ms. Garcia met again with Yakima Human resource professionals, Colleen Chapin, and Cheryl Smith, as well as with Ms. Hagert. Ms. Garcia reported that she felt harassed and retaliated against by Ms. Hagert for taking FMLA leave and for having a baby.

  **f. In March of 2011, Ms. Hagert gives Ms. Garcia a terrible evaluation.**

**COMPLAINT - 9**                  Olive|Bearb PLLC
                                   1218 Third Ave., Ste. 1000
                                      Seattle, WA 98101
                                      Tel: (206) 629-9909

4.22   In March of 2011, approximately one month following this meeting, Ms. Hagert took the adverse employment action of giving Ms. Garcia an unfavorable evaluation without cause.

> **g.  Retaliatory and Discriminatory Discipline:  April 4th, 2011, Ms. Hagert docked Ms. Garcia' down a pay grade because she was 4 minutes late to work.**

4.23   On April 1, 2011, Ms. Hagert disciplined Ms. Garcia because she was four minutes late for work.  Ms. Hagert also accused Ms. Garcia of being insubordinate based on the allegation that she did not immediately report to Ms. Hagert's office to confess her tardiness.  Tracy was four minutes late to the office because she was buying breakfast burritos for the whole staff.

4.24   On April 4, 2011, Ms. Garcia was required to attend a disciplinary meeting.  She was accused of being four minutes late on this occasion, and being late on 12 other unspecified occasions.  Defendant did not provide Ms. Garcia with the dates of the other alleged instances of tardiness, or the length of the alleged tardiness.  Instead, the City docked her pay, took 8 hours of her earned vacation leave, and reduced her salary step one grade.

> **h.  The City of Yakima Forced Ms. Garcia to Resign in Retaliation On Pre-textual Grounds.**

COMPLAINT - 10

4.25   On May 20, 2011, a defendant failed to show up for court and Ms. Garcia's duty was to put a docketing note about the failure of the individual to show up, forfeit his bond, and post a warrant for his arrest.

4.26   On May 31st, Ms. Hagert falsely accused Ms. Garcia of failing to put a note in the file about the failure of the individual to show up and failing to forfeit the bond.  The note was in the file but Ms. Hagert missed it.  Ms. Hagert also falsely accused Ms. Garcia about lying about whether she had put a note in the file.  The electronic records reflect that Ms. Garcia had put the note in the file precisely when she was supposed to; and that (as she explained) she entered the note in a second time just to be certain it was there.  Ms. Garcia's conduct was consistent with proper court procedure.

4.27   On June 2, 2011, then presiding judge, Judge Susan Woodard and Court Administrator Linda Hagert placed Ms. Garcia on administrative leave and prohibited her from leaving her home from 8 – 5.  They required her to report to the jury room on June 7, 2011.

4.28   On June 7, 2011, Ms. Garcia brought a union representative with her to the meeting. The Judge excused the union representative because the clerk's office, which was organizing a union, did not yet have formal union representation. Ms. Garcia attended the meeting without representation, the

**COMPLAINT - 11**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

defendant City was represented by Judge Olwell, Judge Susan Woodard, Court Administrator Hagert, and Yakima Human Resources officer, Colleen Chapin.

4.29  Ms. Garcia explained that there were two notes in the file. But without basis, Judge Kelley Olwell, Judge Susan Woodard, Court Administrator Linda Hagert, and Yakima Human Resources officer, Colleen Chapin falsely accused Ms. Garcia of lying.

4.30  Judge Kelley Olwell, Judge Susan Woodard, Court Administrator Linda Hagert, and Yakima Human Resources officer, Colleen Chapin advised Ms. Garcia that she could either resign or be terminated the next day.

4.31  On June 8, 2011, Ms. Garcia resigned in lieu of termination.

## V.    CLAIM ALLEGATIONS

1. **Claim 1: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1964, and the Civil rights Act of 1991, 42 U.S.C. 2000(e)** *et seq*.
   a. **Disparate Treatment – "sole reason" and/or motivating factor**

5.1  By the above-described acts, Defendant, City of Yakima, took the adverse employment action of wrongfully demoting plaintiff and forcing her to resign under threat of discharge. The plaintiff's female gender and pregnancy was either the sole reason, or a motivating factor, in the defendant's decision to

COMPLAINT - 12

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

demote her and to force her to resign. Defendant's adverse employment actions of demotion and forced resignation of plaintiff was not based upon any lawful reason.

### b. Hostile Work Environment caused by supervisor

5.2   By the above-described acts, Defendant, City of Yakima, subjected plaintiff to hostile conduct due to her gender and recent pregnancy. This conduct was unwelcome, and sufficiently severe or pervasive to alter that conditions of the plaintiff's employment and create a discriminatory, abusive and hostile environment. Plaintiff perceived the working environment to be abusive and hostile; and a reasonable woman in her circumstances would consider her working environment to be abusive and hostile.

5.3   City of Yakima employee, Court Administrator Linda Hagert, was Tracy Garcia's direct supervisor, Ms. Hagert subjected plaintiff to a hostile work environment due to her gender and recent pregnancy.

### c. Retaliation

5.4   By the above-described acts, Plaintiff engaged in the protected activity of taking her Family and Medical leave. The City of Yakima subjected plaintiff to adverse employment actions in the form of retaliation, demotion and

COMPLAINT - 13

forced resignation. The City subjected plaintiff to these adverse employment action because of her participation in the protected activity of taking her protected Family and Medical Leave.

**2. Claim 3:   Washington Law Against Discrimination, RCW 49.60.180, WAC 162-30-020; 162-12-140(3)(n).**

5.5   By the above-described acts, Defendant subjected plaintiff to adverse employment action of demoting plaintiff and forcing her resignation. Plaintiff's gender and pregnancy was a substantial factor in the decision to take the adverse employment actions of demoting plaintiff and forcing her resignation.

**3. Claim 4:  Family and Medical Leave Act, 29 U.S.C. 2601-2654**

5.6   By the above described act, Plaintiff gave birth and was caring for a newborn child. Plaintiff had been employed with the City of Yakima at least twelve months and worked for at least 1,250 hours prior to taking her family and medical leave and was eligible for Family Medical Leave at her employer. Plaintiff gave defendant the proper notice of the need to be absent from work. Plaintiff took the family and medical leave, and Defendant took the adverse employment action of cutting plaintiff's pay and forcing Plaintiff to resign from employment for taking this leave. Plaintiff's absence from work was a

COMPLAINT - 14

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

substantial or motivating factor to prompt defendant to take these adverse employment actions.

### 4. Claim 5: The Washington Family Leave Act, RCW 49.78 et al

5.7    By the above described act, Plaintiff gave birth and was caring for a newborn child.  Plaintiff gave defendant the proper notice of the need to be absent from work under FMLA.  Plaintiff provided certification from her treating physician for the need doe the leave.  Plaintiff took the family and medical leave, and Defendant took the adverse employment action of cutting plaintiff's pay and forcing Plaintiff to resign from employment for taking this leave.  Plaintiff's absence from work under the FMLA was a substantial or motivating factor to prompt defendant to take such adverse employment actions.

## VI.    VICARIOUS LIABILITY

6.1    Plaintiff re-alleges paragraphs 1.1 through 5.7 as though fully set forth herein.

6.2    Linda Hagert, Judge Kelley Olwell, Judge Susan Woodard, Yakima Human Resources Officers, Colleen Chapin and Cheryl Smith, were at all times relevant to this cause of action employees, agents or assigns of Defendant CITY.

6.3    Upon information and belief, at all times relevant to this cause of action, Linda Hagert, Judge Kelley Olwell, Judge Susan Woodard, Yakima

**COMPLAINT - 15**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

Human Resources Officers, Colleen Chapin and Cheryl Smith were acting within the scope of their employment with, and under the control of, Defendant CITY.

    6.4    Defendant CITY is liable for the injuries and damages suffered by TRACY GARCIA as a result of the negligent or intentional acts or omissions of Linda Hagert, Judge Kelley Olwell, Judge Susan Woodard, Yakima Human Resources Officers, Colleen Chapin and Cheryl Smith under the theory of *respondeat superior*.

## VII.   DAMAGES

Wherefore, Plaintiff respectfully requests that this court:

    7.1    Grant a permanent injunction enjoining Defendant, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates, harasses, or retaliates on the basis of gender, pregnancy, family and medical leave and opposition to discrimination and harassment;

    7.2    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

**COMPLAINT - 16**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

7.3    Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

7.4    Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial, including, but not limited to the damages provided for by RCW 49.48 *et. seq.* and RCW 49.52 *et seq.*;

7.5    Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including without limitation, emotional pain, suffering, and loss of enjoyment of life, in an amount to be determined at trial;

7.6    Order Defendant to pay Plaintiff punitive damages for its conduct described in the above paragraphs, in amounts to be determined at trial to the fullest extent allowed by law;

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909

7.7   Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees;

7.8   Award Plaintiff the costs of this action, including attorneys' fees, expert witness fees, and other costs;

7.9   Award Plaintiff pre-judgment interest and post-judgment interest; and

7.10   Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this 10th day of April, 2012.

**OLIVE|BEARB**

_____

CHRISTINA T. SHERMAN, WSBA #35964
Attorney for Plaintiff
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Telephone: (206) 629-9909
Cell: (253) 441-1940
Email: christina@olivebearb.com

**COMPLAINT - 18**

Olive|Bearb PLLC
1218 Third Ave., Ste. 1000
Seattle, WA 98101
Tel: (206) 629-9909